IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GEORGE R. TORPE, an individual,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>AURORA LOAN SERVICES, LLC, a foreign limited liability company; AURORA BANK, FSB, a federal savings bank, as successor in interest to LEHMAN BROTHERS BANK, FSB, a federal savings bank; and JOHN DOES I-X,<br><br>　　　　　　　　　Defendants. | **AMENDED TRIAL ORDER**<br><br>Case No. 2:11-cv-971 DN<br><br>District Judge David Nuffer |

　　　　The final pretrial conference in this matter is scheduled for **Wednesday, January 22, 2014 at 2:00 p. m. in Room 230 .**  Counsel who will try the case must attend.

　　　　This case is set for a 5 day bench trial to begin on **Monday, February 3, 2014 at 8:30 a.m. in Room 230.**  The attorneys are expected to **appear in court at 8:00 a.m.** on the first day of trial for a brief pre-trial meeting.  At the final pretrial conference, we will discuss the length of trial each day of the trial week.

　　　　Counsel are instructed as follows:

**1. Court-Imposed Deadlines.**

　　　　The deadlines described in this order cannot be modified or waived in any way by a stipulation of the parties.  Any party that believes an extension of time is necessary **must** make an appropriate motion to the court and that motion may be joined by any other party.

**2. Motions in Limine**

　　　　All motions in limine are to be filed with the court by **January 15, 2014**, unless otherwise ordered by the court.  A separate motion must be filed for each preliminary ruling sought.  Each motion must specifically identify the relief sought, and must be accompanied by a memorandum of law and a proposed order.  Opposition memoranda must be filed by **by noon on January 21, 2014**.  No memorandum in support of, or in opposition to, a motion may be longer than three (3) pages in length.

### 3.  Courtroom Equipment and Recorded Testimony

If counsel wish to use any courtroom equipment, such as easels, projection screens, etc., they must so state in the final pretrial order and at the final pretrial conference.  Trial counsel and support staff are expected to familiarize themselves with any equipment they intend to use in advance of trial.

Any party desiring to present testimony of a witness by recorded means, whether video, audio or paper, must file a designation of the testimony **by January 15, 2014.**  The designation shall be made using the Deposition Designation Form on Judge Nuffer's web page.  Any objection must be made by **January 17, 2014**, and shall use the same form.  The parties must meet and confer (with at least one in-person meeting) to resolve any disputes.  Any motion regarding this subject must be filed by **noon on January 21, 2014.**

A party intending to use recorded testimony is strongly encouraged to display the deposition text as the deposition is presented, and if read, to use a professional reader who has rehearsed the reading with the attorney.

### 4.  Pretrial Order.

At the pretrial conference, plaintiff must present a joint proposed pretrial order which has been approved by all counsel, noting any areas of dispute.  The pretrial order must conform generally to the requirements of DuCivR 16-1 and to the approved form of pretrial order which is reproduced as Appendix IV to the Rules of Practice for the U.S. District Court for the District of Utah.  A copy of the proposed pretrial order must be emailed to dj.nuffer@utd.uscourts.gov as a Word or WordPerfect document.

In addition to the provisions in the final pretrial order thus called for, the following special provisions will apply:

(a)  The statement of uncontroverted facts called for in Section 3 of the General Form of the Pretrial Order must be in narrative form.  Such facts shall be considered substantive evidence in the case and shall be marked as Exhibit 1.  Upon commencement of the trial, Exhibit 1 shall be read into evidence.  No further evidence as to the agreed facts may be entered into the record at trial.

(b)  In reference to Section 7 of the General Form of the Pretrial Order, regarding all witnesses that propose to be expert witnesses, the parties are directed to append to Exhibit 1 copies of the curriculum vitae of each such expert.  Absent specific leave of Court, the expert may not present more than five (5) minutes of professional qualification.  In most cases, the parties will stipulate to qualification, although in appropriate cases, voir dire or cross-examination of an expert's qualification may be permitted and this examination may go beyond the scope of direct oral testimony as to qualification.

## 5. Proposed Findings of Fact and Conclusions of Law

Each party must file Proposed Findings of Fact and Conclusions of Law **on or before January 27, 2014.**  The Conclusions of Law must outline of the elements of each cause of action, or affirmative defense, and briefly summarize the supporting facts under each element.

## 6.  Exhibit Lists/Marking Exhibits

(a) Parties must meet and confer to avoid marking the same exhibit twice.
(b) After eliminating duplicate exhibits, each party must prepare an exhibit list in Word or WordPerfect format for the court's use at trial.  Standard forms for exhibit lists are available from the court's website, and questions regarding the preparation of these lists may be directed to the case manager, Anndrea Bowers, at 801-524-6150.
(c)  All parties are required to pre-mark their exhibits to avoid taking up court time during trial for such purposes.
(d) Plaintiff must mark exhibits by number starting at 1.  Defendant must mark exhibits by letter unless defendant anticipates using more than 20 exhibits, in which case counsel must agree on number ranges to accommodate numbering all exhibits.  Examples of alternative methods would be assigning numbers 1 – 99 to plaintiff and 100 to 199 to defendant.  In a case with multiple parties who require separate exhibit numbers counsel must agree on number ranges to accommodate numbering all exhibits.
(e) Pages of documentary exhibits must retain bates stamps used when the documents were produced in discovery.
(f) Original exhibits must be stapled.
(g) Exhibit lists, marked exhibits, and courtesy copies must be submitted to the court by **January 29, 2014.**  The exhibit list must be emailed to dj.nuffer@utd.uscourts.gov.
(h) Courtesy copies of exhibits on a CD/DVD Rom in PDF format are preferred.  Optical Character Recognition (OCR) must be run on the PDF files to enable text searching of the exhibits.  If a party marks more than ten exhibits, courtesy copies of exhibits **must** be provided in PDF format on a CD/DVD Rom.
(i) If a CD/DVD Rom with courtesy copies of exhibits in PDF format is not provided (because the party is marking less than ten exhibits and has elected not to provide courtesy copies of exhibits on a CD/DVD Rom in PDF format) two paper courtesy copies of exhibits in a tabbed binder must be delivered to the court.

## 7.  Witness Lists

All parties are required to prepare a separate witness list for the court's use at trial.  The list contained in the pretrial order will not be sufficient.  Standard forms for witness lists are available from the court's website, and questions regarding the preparation of these lists may be directed to the case manager, Anndrea Bowers, at 801-524-6150.  Witness lists must be emailed as a Word or WordPerfect document to dj.nuffer@utd.uscourts.gov by **January 29, 2014**.

3

### 8. In Case of Settlement

If the case is settled, counsel must jointly advise a member of this chamber's staff by means of a personal visit or by person-to-person telephonic communication at least one full business day before the commencement of trial.  Leaving a voice mail message or sending a notice by fax or email is not considered sufficient notice to the court.

### 9. Courtroom Conduct

In addition to the rules outlined in DUCivR 43-1, the court has established the following ground rules for the conduct of counsel at trial:

(a)     Please be on time for each court session.  In most cases, trial will be conducted from 8:30 a.m. until 1:30 p.m. or 2:30 p.m., with two short (fifteen minute) breaks.  Trial engagements take precedence over any other business.  If you have matters in other courtrooms, arrange in advance to have them continued or have an associate handle them for you.  Usually, the court has other hearings set after 2:30 p.m.

(b)     Stand as court is opened, recessed or adjourned.

(c)     Stand when addressing, or being addressed by, the court.

(d)     In making objections and responding to objections to evidence, counsel must state the legal grounds for their objections with reference to the specific rule of evidence upon which they rely.  For example, "Objection . . . irrelevant and inadmissible under Rule 402" or "Objection . . . hearsay and inadmissible under Rule 802."

(e)     Counsel need not ask permission to approach a witness in order to **briefly** hand the witness a document or exhibit.

(f)     Address all remarks to the court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel must instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

(g)     Refer to all persons, including witnesses, other counsel, and parties, by their surnames and NOT by their first or given names.

(h)     Only one attorney for each party shall examine, or cross-examine, each witness.  The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

4

(i) When not taking testimony, counsel will remain seated at counsel table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the court's permission. Do not confer with or visit with anyone in the spectator section while court is in session. Messages may be delivered to counsel table provided they are delivered with no distraction or disruption in the proceedings.

(j) Please review the guidelines for Creating the Best Transcript Possible with your entire trial team and witnesses before trial.

DATED this 4th day of January, 2014.

BY THE COURT:

David Nuffer
United States District Judge